IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

HOLLY R. HARPER,

        Plaintiff,

v.                                                      CIVIL ACTION NO. 3:24-cv-324

CHUCK ZERKLE, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted Findings of Fact and, in doing so, recommended that the Court dismiss this case and remove it from the docket of the Court. Plaintiff has filed objections to the Magistrate Judge's findings and recommendations.

Upon a *de novo* review of Plaintiff's Complaint and Objections, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** the Magistrate Judge's Findings and Recommendations (hereinafter "PF&R"), and **DISMISSES** Plaintiff's case.

**STANDARD**

The Court will liberally construe Plaintiff's Complaint and other documents because she is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Court is mindful that it "may not construct the plaintiff's legal arguments for [her]." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). When reviewing objections to the Magistrate Judge's proposed findings and recommendations, this Court is required to make a *de novo* determination of those portions of the report or specified proposed findings or recommendations

to which objection is made. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, *de novo* or by any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed." *Corr v. Bureau of the Pub. Debt*, 987 F. Supp. 2d 711, 716 (S.D.W. Va. 2013) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

## DISCUSSION

Plaintiff filed her *pro se* Complaint against various local government officials and employees of Cabell County and the City of Huntington, including Sheriff Chuck Zerkle, as well as some privately employed attorneys and healthcare workers. She brings claims under 42 U.S.C. § 1983, asserting violations of her rights under the Second, Fourth, Fifth, Sixth, and Fourteenth Amendments.

The instant lawsuit was the fourth federal complaint filed by Harper in 2024. Harper alleges that she has been the victim of harassment and cyberstalking and that her involuntary confinement interfered with her efforts to pursue legal recourse for this harassment and cyberstalking. ECF No. 2 at 12-15. The Magistrate Judge recommended dismissal of the complaint. PF&R at 16.

Harper filed objections titled "Objection No. 1" and "Objection No. 2." Obj. at 3-8. She also filed numerous exhibits as evidence of her claims, including purported evidence of unauthorized access to her devices. ECF Nos. 6-8.

The first objection asserts that the physician involved in her involuntary commitment had a conflict of interest and discussed her circumstances with a third party unknown to Harper. She attached an email in which her father, Edwin Harper, wrote that he would attend a counseling session with Harper and her psychiatrist, Dr. Humphreys. Her father asked another individual for an opinion on a piece he had written in preparation for a counseling session with Harper and Dr.

Humphreys. He wrote: "Fortunately, her Psychiatrist is Christian and agrees with the pre 2001 Psychiatric opinion that the gay life styles are really mental illness. I just would like to feel secure that in the session when I start talking from this script that I can reinforce that my opinion is firmly founded in the scripture and not an embarrassed knee jerk reaction and a social driven prejudice." Obj. at 5-6. Harper objects that she did not "discuss her lifestyle as an issue of concern" and "faith-based belief systems should not influence healthcare or decisions made by the Cabell County Courts." Obj. at 4. She further asserts that Dr. Humphreys' treatment and assessment was a conflict of interest if he "deemed Harper mentally-ill due to her lifestyle."[1] Obj. at 4.

Harper's second objection states that she has attached evidence of her encounters with law enforcement. Obj. at 7. She states that this evidence shows that she had repeated encounters with law enforcement, even as law enforcement did not take her complaints seriously. Obj. at 7-8.

These objections only raise factual disputes or challenge the narrative set forth in the PF&R. They do not challenge the legal conclusions set forth in the PF&R. For example, the second objection provides details of Harper's encounters with law enforcement but does not challenge the legal conclusion that she cannot state a claim under § 1983 for failure to investigate or prosecute. Similarly, the first objection does not challenge the legal conclusion that there is no private right of action for obstruction of justice. Even if the Court adopted Harper's factual assertions, the factual assertions are not relevant to the reasoning of the PF&R.

To the extent that Harper's first objection was directed at the dismissal of her state law defamation claim against Dr. Humphreys, the email from her father does not bolster her claim. A state law claim for defamation in West Virginia requires that the plaintiff show that the defendant

---

[1] The involuntary commitment proceeding records submitted in another of Harper's lawsuits do not support a conclusion that Harper was hospitalized due to a faith-based finding of mental illness. *See* ECF No. 2-1, *Harper v. Biser et al*, Case No. 3:24-cv-00276.

made false and defamatory statements to a third party who did not have a reasonable right to know. *Belcher v. Wal-Mart Stores, Inc.*, 568 S.E.2d 19, 27 (W. Va. 2002). It appears that Dr. Humphreys discussed Harper's circumstances with her father in the context of joint counseling sessions and that the two men discussed their opinions regarding sexual orientation. Further, "federal courts have held that private mental health professionals involved in involuntary commitment proceedings are generally not considered state actors under § 1983." *Harper v. Biser*, No. 3:24-CV-00276, 2024 WL 3688195, at *5 (S.D.W. Va. July 16, 2024) (collecting cases), *report and recommendation adopted*, No. CV 3:24-0276, 2024 WL 3682301 (S.D.W. Va. Aug. 6, 2024).

## CONCLUSION

In light of the foregoing, the Court **ORDERS** as follows:

(1) Plaintiff's Objections, ECF No. 5, are **OVERRULED;**

(2) The Proposed Findings and Recommendations, ECF No. 4, are **ADOPTED;** and

(3) Plaintiff's Complaint, ECF No. 2, is **DISMISSED;**

The Court **DIRECTS** the Clerk to remove this case from the Court's docket and to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: August 13, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE